FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

JUN 2 8 2011

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

RIGHTHAVEN LLC,

        Plaintiff,

v.

BRIEN SMITH, et al.,

        Defendants.

2:10-CV-01031-LRH-LRL

<u>ORDER</u>

RIGHTHAVEN LLC,

        Plaintiff,

v.

SOUTH COAST PARTNERS, INC., et al.,

        Defendants.

2:10-CV-01062-LRH-LRL

RIGHTHAVEN LLC,

        Plaintiff,

v.

CHRIS BROWN WEB NETWORK, et al.,

        Defendants.

2:10-CV-01399-LRH-PAL

| | | |
|---|---|---|
| 1 | RIGHTHAVEN LLC, | )<br>) |
| 2 | Plaintiff, | ) 2:10-CV-01404-LRH-LRL<br>) |
| 3 | v. | )<br>) |
| 4 | HUSH-HUSH ENTERTAINMENT, INC., et al., | )<br>)<br>) |
| 5 | Defendants. | )<br>) |
| 6 | | ) |
| 7 | RIGHTHAVEN LLC, | )<br>) |
| 8 | Plaintiff, | ) 2:10-CV-01457-LRH-GWF<br>) |
| 9 | v. | )<br>) |
| 10 | WEHATEGRINGOS.COM, et al., | )<br>) |
| 11 | Defendants. | )<br>) |
| 12 | | ) |
| 13 | RIGHTHAVEN LLC, | )<br>) |
| 14 | Plaintiff, | ) 2:10-CV-02248-LRH-GWF<br>) |
| 15 | v. | )<br>) |
| 16 | CHARLES COKER, | )<br>) |
| 17 | Defendant. | )<br>) |
| 18 | | ) |
| 19 | RIGHTHAVEN LLC, | ) 2:11-CV-00719-LRH-RJJ<br>) |
|    | Plaintiff, | ) |
| 20 | v. | )<br>) |
| 21 | GUNNER'S ALLEY, LLC, et al., | )<br>) |
| 22 | Defendants. | )<br>) |
| 23 | | ) |

| | | |
|---|---|---|
| 1 | RIGHTHAVEN LLC, | |
| 2 |         Plaintiff, | 2:11-CV-00721-LRH-PAL |
| 3 | v. | |
| 4 | COMPUTER SERVICES ONE LLC, et al., | |
| 5 |         Defendants. | |
| 7 | RIGHTHAVEN LLC, | |
| 8 |         Plaintiff, | 2:11-CV-00722-LRH-PAL |
| 9 | v. | |
| 10 | JOHN KIRK, | |
| 11 |         Defendant. | |
| 13 | RIGHTHAVEN LLC, | |
| 14 |         Plaintiff, | 2:11-CV-00729-LRH-GWF |
| 15 | v. | |
| 16 | BOB SIEBER, | |
| 17 |         Defendant. | |

      The ten above-captioned cases are actions for copyright infringement pursuant to 17 U.S.C. § 501. In each case, Plaintiff Righthaven LLC ("Righthaven") alleges that it is the owner of the copyright in and to works originally published in the Las Vegas Review-Journal, and that the defendants' activities infringed on Righthaven's exclusive rights in the works—specifically, the rights of reproduction, preparation of derivatives, distribution, and public display, pursuant to 17 U.S.C. § 106(1)-(3) and (5). Also in each case, Righthaven has attached to its complaints either a copyright registration or application for copyright registration as evidence of its ownership in the

works. In all cases, Stephens Media LLC ("Stephens Media") is identified as the author. As disclosed in other Righthaven copyright actions involving Las Vegas Review-Journal material, a January 18, 2010 Strategic Alliance Agreement ("SAA") between Stephens Media and Righthaven governs assignments of works from the former to the latter and the relationship between them.

In recent decisions, this court has determined that Righthaven lacked standing to pursue copyright infringement claims based on assignments made under the SAA because the SAA prevents the transfer of "the exclusive rights necessary to maintain standing in a copyright infringement action." *Righthaven LLC v. Democratic Underground, LLC*, 2:10-cv-01356-RLH-GWF, --- F. Supp. 2d ----, 2011 WL 2378186 at *6 (D. Nev. June 14, 2011); *accord Righthaven, LLC v. Hoehn*, 2:10-cv-00050-PMP-RJJ, --- F. Supp. 2d ----, 2011 WL 2441020 at *6 (D. Nev. June 20, 2011). Additionally, in *Hoehn*, the court further held that a May 9, 2011 Clarification and Amendment to Strategic Alliance Agreement (the "Clarification") "does not correct the deficiencies with respect to lack of standing" and "does not provide Righthaven with any exclusive rights necessary to bring suit." *Hoehn*, 2011 WL 2441020 at *6.

Standing to sue is an indispensable part of a federal court's Article III jurisdiction and must be addressed by the court even if the parties fail to raise it. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). "The federal courts are under an independent obligation to examine their own jurisdiction, and standing 'is perhaps the most important of [the jurisdictional] doctrines.'" *FW/PBS*, 493 U.S. at 231 (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)) (brackets in original).

In the ten above-captioned cases, the pleadings and other papers on file reveal that the standing issues are likely identical to the standing issues determined adversely to Righthaven in *Democratic Underground* and *Hoehn*. Because substantial doubt exists as to Righthaven's standing and the court's subject-matter jurisdiction, Righthaven is hereby ordered to show cause why each of the above-captioned cases should not be dismissed for lack of standing. At minimum,

4

Righthaven's written response shall include copies of the SAA, the Clarification, and the assignments of the particular works in question, and shall specifically address whether and how the facts and legal issues relating to Righthaven's alleged standing are identical to the standing issues addressed in *Democratic Underground* and *Hoehn*, and if not, in what material respects they differ.

In the interests of economy, Righthaven may prepare and file a consolidated response as to the above-captioned cases, in accordance with the form of this order. However, the response shall be filed under each case number, and the cases shall remain unconsolidated for all other purposes.

IT IS THEREFORE ORDERED that the plaintiff show cause, in writing, within ten (10) days of this order why the court should not dismiss the above-captioned cases for lack of standing.

IT IS FURTHER ORDERED that all proceedings are hereby STAYED pending the court's determination of plaintiff's standing.

IT IS SO ORDERED.

DATED this 28th day of June, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE